## ALLEN v. ALLEN'S Adm'r.

1. The widow of an intestate is entitled to dower in the lands of which her husband died seized, notwithstanding the administrator may have reported his estate insolvent.

Writ of Error to the Orphans' Court of St. Clair.

W. B. Martin, for the plaintiff in error.
No counsel appeared for the defendant.

COLLIER, C. J.—The plaintiff in error, as the widow of John R. Allen, deceased, filed her petition in the Orphans' Court of St. Clair, praying that she might be endowed of certain real estate particularly described, of which her husband was seized of an inheritable estate during his life. After the

petition was filed, the administrator reported the estate insolvent; and thereupon the Court dismissed the petition upon the ground that the widow was not dowable of her husband's estate to the prejudice of creditors.

The object of dower is to afford sustenance to the widow, and to aid in the nurture and education of her children, if any —and the right attaches upon the land immediately upon the marriage, or as soon thereafter as the husband becomes seized —and is incapable of being discharged by the husband, without her concurrence. This estate arises solely by operation of law, and not by force of any contract, express or implied between the parties; it is the silent effect of the relation entered into by them; not as in itself incidental to that relation, or as implied by the marriage contract, but merely as that contract calls into operation the positive institution of the municipal law. [Park on Dower, 5.] The right of the wife does not depend upon the assent of the husband, except so far as that is manifested in the contract of marriage, but is independent of, and paramount to his volition. This being the case, he can make no disposition of his realty, to take effect during his life, or at his death, which will divest her right of dower; unless she has made a relinquishment in the manner prescribed by law. And it will not be allowable, where the husband dies intestate, to appropriate the land of which he was seized to the payment of the debts, if the wife would be thereby defeated of her dower. So greatly is the right of the widow favored in law, that it has been held, where the vendor of land having a lien for the purchase money, obtains a judgment against the administrators of the vendee, and sells the land, the lien does not pass to the purchaser to enable him to bar the dower of the widow of the vendee. [McArthur v. Porter et al, 1 Ohio, Rep. 44.]

But it is unnecessary to consider at greater length, the rights of the widow at common law; for the seventeenth section of the act of 1806, enacts, that whenever the real and personal estate shall not be sufficient to pay the just debts of the testator or intestate, the widow shall be endowed with one third "of the lands, tenements and hereditaments of her deceased husband." Here it is conclusively shown that the report of

insolvency should not have caused the dismissal of the petition for dower, as its effect was not to create a bar ; and the order for that purpose is consequently reversed, and the cause remanded.